10-539-ag
Huang v. Holder

BIA
Abrams, IJ
A099 538 610

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of October, two thousand eleven.

PRESENT:
>  ROBERT D. SACK,
>  DEBRA ANN LIVINGSTON,
>  RAYMOND J. LOHIER, JR.,
>  *Circuit Judges.*

_____

JIANG BO HUANG,
>  *Petitioner,*

> v.                                     10-539-ag
>                                        NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>  *Respondent.*

_____

FOR PETITIONER:      Veronica Frösen, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Anthony P. Nicastro, Senior Litigation Counsel; Bernard A. Joseph, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jiang Bo Huang, a native and citizen of China, seeks review of a January 26, 2010, order of the BIA affirming the July 10, 2008, decision of Immigration Judge ("IJ") Steven R. Abrams denying Huang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiang Bo Huang*, No. A099 538 610 (B.I.A. Jan. 26, 2010), *aff'g* No. A099 538 610 (Immig. Ct. N.Y. City July 10, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the agency's adverse credibility determination. The IJ noted a significant discrepancy between Huang's testimony and letters from his

mother and cousin.  While Huang argues that his testimony might have been consistent with the letters for various reasons, his explanations do not compel the conclusion that there was no discrepancy.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).  Accordingly, because the record supports the IJ's finding that there was a significant discrepancy, the IJ reasonably relied on it in making an adverse credibility determination. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (noting that, under the REAL ID Act, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." (quoting 8 U.S.C. § 1158(b)(1)(B)(iii))).

Contrary to his contention that the IJ failed to sufficiently develop the record, Huang was confronted with the discrepancy between the letters and his testimony during his cross-examination and thus had an opportunity to clarify his testimony.  *Cf. Zhi Wei Pang v. Bureau of Citizenship &*

3

*Immigration Servs.*, 448 F.3d 102, 107 (2d Cir. 2006) (explaining, in a pre-REAL ID Act case, that an adverse credibility finding may be overturned if an applicant is not given an opportunity to explain minor inconsistencies in his testimony).  The IJ found that when so confronted, Huang's demeanor suggested that he was caught in a lie.  We defer to the IJ's assessment of demeanor, as he had "the unique advantage . . . of having heard directly from the applicant."  *Majidi*, 430 at 81 n.1 (internal quotation marks omitted).  Moreover, we can be confident with the IJ's demeanor finding in this case because it was linked to Huang's lack of explanation for the discrepancy between his testimony and documentary evidence.  *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

Having found that Huang's testimony had been called into question by the discrepancy between his testimony and the letters and his demeanor, the IJ reasonably expected Huang to provide corroborative materials to rehabilitate his testimony.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  The IJ reasonably concluded that Huang did not

4

provide sufficient corroborating evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (stating that the weight afforded to an applicant's evidence lies largely within the discretion of the IJ); 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").

Together, the significant discrepancy between Huang's testimony and the letters, the IJ's assessment of his demeanor, and his failure to provide corroborating evidence provide substantial evidence in support of the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Thus, because Huang's applications for asylum, withholding of removal, and CAT relief shared the same common factual basis, the agency did not err in denying all forms of relief based on the adverse credibility determination. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

5

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk